IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JOSE LUIS RODRIGUEZ,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE TIME (DOC. NO. 27)<br><br>Case No. 2:22-cr-00206<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Daphne A. Oberg |

The government has filed a motion to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161. (*See* Doc. No. 27.) In this motion, the government asks for a continuance of the trial date until January 10, 2023, and asks that the time between the previous trial date (August 29, 2022) and January 10, 2023 be excluded from the speedy trial computation. (*Id.* at 1.) The government represents that the defendant, Jose Luis Rodriguez, does not object to the motion. (*Id.* at 2.) According to the government, Mr. Rodriguez desires this case to track the timing of another case pending against him in this district, case number 2:22-cr-217, which involves more serious charges than at issue here. (*Id.*)

The government's motion is granted in part and denied in part. The motion is granted to the extent it seeks a continuance of the trial date until January 10, 2023. This continuance is justified by the follow factors:

1. Mr. Rodriguez first appeared on an indictment charging him with one count of escape on June 23, 2022. A trial was set before Judge Sam for August 29, 2022.

2. On June 28, 2022, shortly after his initial appearance in this case, Mr. Rodriguez appeared on another indictment in this same district, charging him (and others) with Conspiracy to Distribute Methamphetamine and Possession of Methamphetamine with Intent to Distribute (case number 2:22-cr-217).  A trial in that case was set before Judge Nielson on September 6, 2022, but was then continued until January 10, 2023.

3. On September 7, 2022, counsel for the United States filed a motion asking Judge Sam to reassign the instant case to Judge Nielson.  (*See* Doc. No. 23.)  The motion was granted on September 8, 2022.  (*See* Doc. No. 24.)

4. The Federal Public Defender Office represents Mr. Rodriguez in both matters.

5. The government represents that Mr. Rodriguez does not object to this motion, and that he wants the timing of this case to track the more serious matter involving drug conspiracy and possession with intent to distribute charges.  Mr. Rodriguez wants the trial date in this case to correspond with his other pending case: January 10, 2023.

6. The two matters are factually related because Mr. Rodriguez allegedly committed the drug conspiracy and possession with intent to distribute offenses while on escape status.

7. This is the first motion to continue requested in this case.

8. Where Mr. Rodriguez's alleged conduct in both pending federal cases is related, it is in the interests of justice to permit the parties to pursue a potential global resolution that will resolve the charges in both cases.  This approach necessitates a continuance in this case because the 2:22-cr-217 case has more serious charges, more serious consequences, voluminous discovery, and multiple defendants.  Because of the complexity of that case, the parties need additional time to secure a potential global resolution.

9. Mr. Rodriguez is currently in pretrial custody, having previously been detained on both matters.

Based on the foregoing, the failure to grant a continuance would deny the parties the reasonable time necessary to reach a fair and just resolution of the case, taking into account the exercise of due diligence.  The ends of justice served by such a continuance outweigh the interests of the public and the defendant in a speedy trial.  Accordingly, the trial is continued from August 29, 2022 until January 10, 2023.  These same factors also justify the exclusion of time from the speedy-trial computation from September 21, 2022, when the government filed its continuance motion, to the new trial date.  Specifically, the time from September 21, 2022 until January 10, 2023 is excludable under 18 U.S.C. § 3161(h)(7).

However, the government's motion is denied to the extent it asks for a retroactive grant of an ends-of-justice continuance.  Ends-of-justice findings must be prospectively made; they may not be made after the fact.  *See United States v. Williams*, 511 F.3d 1044, 1055 (10th Cir. 2007).  "Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive; an order granting a continuance on that ground must be made at the outset of the excludable period."  *Id.* (internal quotation marks omitted).  Accordingly, to the extent the government asks for exclusion of time from August 29, 2022 (the previous trial date) to September 21, 2022 (the date of the continuance motion), the motion is denied.

For all these reasons, the government's motion (Doc. No. 27) is GRANTED to the extent it seeks a continuance of the trial date until January 10, 2023 and to the extent it seeks exclusion of time from the speedy trial computation from September 21, 2022 to January 10, 2023.  But the

motion is DENIED to the extent it seeks a retroactive grant of an ends-of-justice continuance or a retroactive exclusion of time.

DATED this 22nd day of September, 2022.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge